Kristin A. Schuler-Hintz, Esq., SBN 7171
Sherry A. Moore, Esq., SBN 11215
**McCarthy & Holthus, LLP**
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
NVBK@McCarthyHolthus.com

Attorney for Secured Creditor,
Deutsche Bank National Trust Company on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes, its assignees and/or successors and the servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Kary Gobbato,<br><br>       Debtor. | ) Case No.: 08-25027-MKN<br>)<br>) Chapter 11<br>)<br>) **OPPOSITION TO MOTION FOR**<br>) **RECONSIDERATION OF ORDERS**<br>) **TERMINATING AUTOMATIC STAY**<br>)<br>) HEARING:<br>)<br>) DATE:   5/04/2011<br>) TIME:   9:30 am<br>) CTRM:   2<br>) PLACE: 300 Las Vegas Boulevard South<br>)              Las Vegas, NV 89101 |

**DEUTSCHE BANK NATIONAL TRUST COMPANY ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET BACKED NOTES**, its assignees and/or successors in interest ("Secured Creditor" herein) hereby submits its Opposition to Debtor's Motion for Reconsideration of Orders Terminating Stay with respect to Debtor's properties commonly known as 415 Sudden Valley Drive, Bellingham, WA 98229 and 7556 Birch Bay Drive, Blaine, WA 98230 ("Properties" herein).

///

///

///

# I.
# STATEMENT OF FACTS

1. With respect to the 415 Sudden Valley Drive property, Secured Creditor is the payee of a Promissory Note dated 3/01/2006, in the principal amount of $224,000.00, which is secured by the Deed of Trust of the same date.

2. With respect to the 7556 Birch Bay Drive property, Secured Creditor is the payee of a Promissory Note dated 3/01/2006, in the principal amount of $224,000.00, which is secured by the Deed of Trust of the same date.

3. On 12/16/2008 the Debtor filed the subject bankruptcy petition.

4. On 2/24/2010, the Debtor's Chapter 11 Plan was confirmed.

5. The Debtor subsequently defaulted under the loan documents and confirmed plan with respect to both Properties. The Debtor is currently due for the 6/01/2010 payment with respect to the 415 Sudden Valley Drive property. The Debtor is currently due for the 7/01/2010 payment with respect to the 7556 Birch Bay property.

6. On 2/17/2011, Secured Creditor filed Motions for Relief with respect to the Properties after the Debtor defaulted under the loan documents and confirmed plan.

7. On 2/22/2011, Kristin Schuler-Hintz, counsel for Secured Creditor, received a telephone call from Thomas Crowe, counsel for Debtor, who indicated that he would not be opposing the Motions for Relief.

8. On 3/23/2011, the Motions for Relief were granted as unopposed, and the Orders Terminating Stay were accordingly entered on 4/05/2011.

9. Also on 3/23/2011, and after the hearings on the Motions for Relief, Sherry Moore, counsel for Secured Creditor, phoned Thomas Crowe in response to Mr. Crowe's request. During this conversation, Mr. Crowe reiterated that he was not opposing the Motions for Relief and simply wanted a direct contact for Secured Creditor.

10. On 4/04/2011, before the Orders Terminating Stay were even entered, the Debtor filed the instant Motion for Reconsideration of Orders Terminating Stay, disputing the arrears and alleging attempts to cure the arrears by making additional monthly payments but Secured Creditor did not credit the payments.

///
///

## II.

## LEGAL ARGUMENT

**A.    Debtor Fails to Demonstrate Newly Discovered Evidence, Clear Error or that the Court's Ruling was Manifestly Unjust, or an Intervening Change in Controlling Law as Required by FRCP 59(e). Therefore, Debtor's Motion is Without Merit and Should Be Denied.**

Rule 59(e) provides in pertinent part that "a motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." A motion for reconsideration is treated as a motion to alter or amend judgment under FRCP 59(e) if it is filed within ten days of the entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order. American Ironworks & Erectors, Inc. v. North Am. Cobst. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

Pursuant to Rule 59(e), reconsideration is an appropriate remedy only if the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). These motions serve a limited function, to correct manifest errors of law or manifest errors of fact or to present newly discovered evidence. In re Graves, 279 B.R. 266, 276 (B.A.P. 9th Cir. 2002). Such motions are not to be used to introduce evidence that could have been introduced during the pendency of the original motion. Columbia Pictures Television v. Krypton Broad, 106 F.3d 284, 290 (9th Cir. 1997), *rev'd on other grounds*, 523 U.S. 340 (1998) (Court did not reopen case with respect to a motion for reconsideration on the ground that the argument was not raised in an opposition to the initial motion for summary judgment.").

Here, the Debtor filed the instant Motion for Reconsideration within the 10-day deadline in accordance with Rule 59(e). Debtor alleges that there is a basis to grant relief from the Court's 3/23/2011 judgment pursuant to Rule 59(e) because the arrears listed in the Motions for Relief were incorrect and that Secured Creditor rejected payments or did not credit the payments properly. However, this alleged evidence could have easily been introduced during the pendency of the original Motions, but Debtor instead repeatedly indicated that she would not file an Opposition and in fact did not do so.

In fact, at the 3/23/2011 hearing, counsel for the Debtor reiterated that there was no Opposition to the Motions and the Motions were consequently granted. Later that same day,

counsel for Debtor contacted counsel for Secured Creditor reiterating yet again that there was no Opposition to the Motions. Therefore, the Debtor has failed to demonstrate newly discovered evidence, that the Court committed clear error in granting the unopposed Motions, that the Court's ruling on the unopposed Motions was manifestly unjust, or that there has been an intervening change in the law pursuant to Rule 59(e).

Due to the foregoing, the Debtor's Motion should be denied in its entirety.

**B.    Debtor Fails to Demonstrate "Mistake, Inadvertence, Surprise, or Excusable Neglect" in Support of the Motion for Reconsideration Required under FRCP 60(B). Therefore, Debtor's Motion is Without Merit and Should be Denied.**

Rule 60(b) provides in pertinent part that the Debtor must demonstrate that there has been a "mistake, inadvertence, surprise, or excusable neglect" to warrant relief from what was and is intended to be a final order.

Moreover, "[r]relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." In re Bushman, 311 B.R. 91, 95 (Bankr. Utah 2004)(quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc. 909 F.2d 1437, 1440 (10th Cir. 1990)); see also In re Russell, 22 B.R. 143, 145 (Bankr.Or. 1982)(noting that Rule 60(b) relief is "extraordinary and may be granted only upon showing exceptional circumstances."). Further still, Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgment and the 'incessant command of the court's conscience that justice be done in light of *all* the facts.'" Cessna Finance Corp. v. Bielenberg Masonry, 715 F.2d 1442, 1444 (10th Cir. 1983)(quoting Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981)(quoting in turn Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)(emphasis in original). Further still, the court noted in In re Russell that Rule 60(b) relief "is not intended to relieve a party from consequences of free, calculated and deliberate choice."

Here, the Debtor had notice of the Motions for Relief, specifically contacted counsel for Secured Creditor to inform same that the Debtor would not be filing Oppositions thereto, and the Debtor in fact did not file Oppositions to the Motions despite ample opportunity to do so. Accordingly, this Court granted both the Motions for Relief as unopposed.

Now, after having repeatedly indicated that the Debtor would not oppose the Motions for Relief, she now wishes to have the protection of the automatic stay after having failed to tender

payments pursuant to the Secured Creditor's loan documents and the confirmed plan. However, and rather unfortunately for the Debtor, Rule 60(b) does not permit the Debtor to reverse a Court's final order after the Debtor had an opportunity to oppose the previous Motion but specifically chose not to. This scenario simply does not rise to the level of "mistake, "inadvertence, "surprise," or "excusable neglect," nor does it constitute extraordinary or exceptional circumstances.

The Debtor is alleging that she has made payments on both Properties while also admitting that she was and is delinquent with respect to both loans. Moreover, the Debtor fails to provide the dates she attempted to tender to Secured Creditor the alleged, disputed payments, the amounts of said payments, and the dates that said payments were allegedly rejected. Further, she fails to indicate whether she contacted Secured Creditor in an attempt to resolve the alleged issues that now form the basis of her instant Motion. However, even if she did provide this requisite information, it is irrelevant, as again these allegations do not constitute "mistake, inadvertence, surprise, or excusable neglect."

Moreover, even if Debtor's allegations are true with respect to the incorrect amount of the arrears and alleged rejection of payments, said events occurred prior to the entry of the Orders Terminating Stay, and should have formed the basis of an Opposition to the Motions for Relief. However, despite the Debtor's knowledge of the Motions for Relief, she deliberately contacted counsel for Secured Creditor, indicating that she would not file Oppositions. Therefore, there has been no demonstration of "mistake, inadvertence, surprise, or excusable neglect," as these alleged facts were known to her at the time the Motions for Relief were filed. Thus, she should not be permitted to make these allegations now in support of the Motion for Reconsideration, as they are untimely and do not constitute the basis for relief from this Court's final Orders pursuant to Rule 60(b).

///
///
///
///
///
///
///

## III.
## CONCLUSION

Due to the foregoing, the Debtor's Motion for Reconsideration should be denied in its entirety under both Rule 59(e) and Rule 60(b).

Dated: April 22, 2011                    McCarthy & Holthus, LLP


By: /s/ Sherry A. Moore
    Sherry A. Moore, Esq.
    Kristin A. Schuler-Hintz, Esq.
    Attorney for Secured Creditor
    Deutsche Bank National Trust Company on behalf of the holders of the Accredited Mortgage Loan Trust 2006-2 Asset Backed Notes

# CERTIFICATE OF SERVICE

On 4/22/2011, I served the foregoing documents described as **OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS TERMINATING AUTOMATIC STAY** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Thomas E. Crowe
tcrowelaw@yahoo.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Alexandru Nicolau

Alexandru Nicolau

On 4/22/2011, I served the foregoing documents described as **OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDERS TERMINATING AUTOMATIC STAY** on the following individuals by depositing true copies thereof in the United States first class mail at San Diego, CA, enclosed in a sealed envelope, with postage paid, addressed as follows:

COUNSEL FOR DEBTOR
Thomas E. Crowe, Esq.
2830 South Jones Boulevard # 3
Las Vegas, NV 89146

DEBTOR
Kary Lyn Gobbato
5890 W. PATRICK LN
Las Vegas, NV 89118

SPECIAL NOTICE
Accredited Home Lenders, Inc
Attn: Managing Agent
PO Box 502480
San Diego, CA 92150-2480

Bank of America
Attn: Managing Agent
PO Box 15726
Wilmington, DE 19886

Capital One
Attn: Managing Agent
P.O. Box 70886
Charlotte, NC 28272-9903

Chase Home Finance
Attn: Managing Agent
P.O. Box 78116
Phoenix, AZ 85062

Citi Financial
Attn: Managing Agent
4151 Meridian St.
Bellingham, WA 98226

Compass Bank
Attn: Managing Agent
PO Box 192
Birmingham, AL 35201-0192

Doven Muehle Mortgage, INC.
c/o Quantum Servicing
1 Corporate Dr. #360
Lake Zurich, IL 60047-8945

Henry & Morgaret Lanata
93 Willow Lane
Mount Vernon, WA 98273

HFC
Attn: Managing Agent
PO Box 60101
City of Industry, CA 91716

Home Depot
Attn: Managing Agent
P.O. Box 6028
The Lakes, NV 88901

Jack Ruth
c/o Adelstein, Sharpe & Serka
408 N. Commercial St.
Bellingham, WA 98227

8  File Nos. NV-10-28543/NV-10-28546, Case 08-25027-MKN
Opposition to Motion for Reconsideration

| | |
|---|---|
| 1 | Louis Logan |
| 2 | Meridian Contract Services |
| | 770 North-East Midway Boulevard |
| 3 | Oak Harbor, WA 98277 |

Lyon, Weigand & Gustafson PS
Attn: Managing Agent
222 North Third Street
PO Box 1689
Yakima, WA 98907

Marc Kopeikin
2825 Leeward Way
Bellingham, WA 98226

Olaf & Gayle Gildess
15006 Channel Lane
Laconner, WA 98257

Private Mortgage Investments
Attn: Managing Agent
P.O. Box 891
Burlington, WA 98233

Steven Streitz
c/o Skagit State Bank
P.O. Box 285
Burlington, WA 98233

Wells Fargo Home Mortgage
Attn: Managing Agent
1 Home Campus
Des Moines, IA 50328-0001

Whatcom County Assesor
CourtHouse Ste 106
311 Grand Ave
Bellingham, WA 98225

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

                                                          /s/ David Fry
                                                          David Fry